MARY J. SKED et al., respondents,

*v.*

PENNINGTON SPRING WATER COMPANY, appellant.

[Submitted November 25th, 1907.   Decided March 2d, 1908.]

A grant of "the right to enter upon lands to dig and build a reservoir, the said reservoir not to occupy or cover more than one-half acre of ground" is not a grant of a right to occupy one-half acre of ground with reservoirs but of the right to build a single reservoir whose dimensions should not exceed such prescribed area.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bergen, whose opinion is reported in *72 N. J. Eq. (2 Buch.) 599.*

*Mr. J. Lefferts Conard,* for the appellant.

*Mr. Frederic R. Brace, Jr.,* and *Mr. Frank S. Katzenbach, Jr.,* for the respondents.

The opinion of the court was delivered by

GARRISON, J.

Philip S. Sked, in his lifetime, granted to the Pennington Spring Water Company "the right to enter upon his lands to dig and build a reservoir at what is known as the 'Middle Spring,' the said reservoir not to occupy or cover more than one-half acre of ground." The spring company upon receiving this grant at once entered upon the lands of Sked and dug and built a reservoir that did not occupy or cover more than one-half acre of ground. Ten years later the spring company without any additional grant commenced to bore another well on the lands of Sked outside the ground covered by its reservoir but so related to it that both the land occupied by the old reservoir and that on which the new well was being sunk could be brought within the area of

a half an acre. The right to sink the new well is claimed under the old grant.

Upon a bill filed by Mrs. Sked (Philip having died) the court of chancery, by its decree, perpetually enjoined the spring company from boring wells upon complainant's lands, upon the ground, as stated in the conclusions of the learned vice-chancellor who heard the cause, that the terms of the grant being originally indefinite and having been mutually fixed and made definite by a practical location by the parties cannot now be altered or extended *in invitum* the grantor.

Our conclusion is that this decree should be affirmed, but we see no occasion for invoking the doctrine of practical location inasmuch as the grant itself is at once concrete and determinate. The grant was not of a right to occupy a half acre of land with reservoirs, but to build a single reservoir whose dimensions should not exceed a prescribed area. This prescription was a limitation upon the thing granted and not an affirmative grant either *in presenti* or *in futuro.* A reservoir of the prescribed character having been built that part of the grant was fully enjoyed, and all that remained to the grantee was an implied right of entry for the maintenance of its said reservoir and an express right to maintain pipes to draw off the water contained in it. In the face of this plain import of its grant the claim of right by the spring company is without foundation.

The objection that the case is not one for equitable relief is met by the consideration that the appellant is putting a permanent structure upon the complainant's land under a color of right that would apply equally to the entire area that could be covered by a half acre of land of any desired shape extended in any desired direction from the existing reservoir. The right thus set up by the appellant being based wholly upon the misconstruction of a grant, the meaning of which is entirely clear, a court of equity is justified in interfering by injunction to prevent a succession of vexatious suits productive of no definitive results. *Kerr Inj.* *200; 22 Cyc. 768; Shimer* v. *Morris Canal Co., 27 N. J. Eq.* *(12 C. E. Gr.) 364; Western Union Telegraph Co.* v. *Rogers, 42 N. J. Eq. (15 Stew.) 311; Hodge* v. *Giese, 43 N. J. Eq. (16 Stew.) 342.*

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BOGERT, VROOM, GREEN, GRAY, DILL—12.

*For reversal*—None.